Filed 1/16/25  Pardoe v. Salazar CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| DIANE PARDOE et al., | B336831 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 23STCP00683) |
| v. | |
| JUDE SALAZAR, | |
| Defendant and Respondent; | |
| RICK SIEGEL, | |
| Intervener and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara Meiers, Judge.  Affirmed.

Rick Siegel, in pro. per., for Intervener and Appellant.

Diane Pardoe, in pro. per., for Plaintiff and Respondent.

Sarah Pardoe, in pro. per., for Plaintiff and Respondent.

Jude Salazar, in pro. per., for Defendant and Respondent.

_____

Appellant Rick Siegel, who purchased the claims of respondents Diana Pardoe and Sarah Pardoe, appeals from a judgment in favor of respondent Jude Salazar, affirming the decision of the Labor Commissioner in this action under the California Talent Agencies Act (TAA; Labor Code §1700, et seq.). On appeal, Siegel contends: (1) the TAA does not restrict procurement of employment for artists to licensees, and the law does not provide remedies for unlicensed procurement; (2) the TAA is unconstitutionally vague because it does not clarify who is being regulated or which activities are permissible, and it does not state that contracts violating the TAA are void; (3) the TAA results in involuntary servitude; and (4) the TAA violates the prohibition against excessive fines. We conclude that the record is inadequate for review, and all of the issues raised on appeal have been previously determined in well-reasoned, well-settled case law, and therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Pardoes offer services as "personal managers" through their company, Iris Talent Management. In 2021, Salazar entered into a management agreement, agreeing to pay Iris Talent 15 percent of all gross income from acting jobs procured by Iris Talent and 10 percent of all acting jobs procured by an agent or Salazar herself. Salazar notified Iris Talent to terminate the agreement, but the Pardoes insisted she was bound by the contract until she paid money due under the agreement.

2

On June 17, 2022, the Pardoes, in pro. per., filed a breach of contract action against Salazar (the breach of contract action; LA Superior Court Case No. 22STLC04635).

On July 19, 2022, Salazar filed a petition with the Labor Commissioner against the Pardoes, individually and doing business as Iris Talent, alleging they engaged in unlawful procurement in violation of the TAA, and as a result, the management agreement was void (the Labor Commissioner proceeding).

In August 2022, Salazar filed a motion in the trial court to stay the breach of contract action pending resolution of the Labor Commissioner proceeding.

The Pardoes filed an amended complaint for breach of contract adding a request for declaratory relief as to whether the TAA, on its face and as applied, violated provisions of the federal constitution.

On October 20, 2022, the trial court granted Salazar's motion to stay the breach of contract action, finding the Labor Commissioner had exclusive original jurisdiction to determine claims within the scope of the TAA. No reporter's transcript or settled statement for the hearing has been provided on appeal.

On February 17, 2023, the Labor Commissioner issued its decision. The Labor Commissioner noted the issues raised were: whether Iris procured entertainment engagements without a talent agency license; whether the Labor Commissioner could award a remedy for unlicensed procurement, including voiding the contract or severing provisions; and whether the appropriate remedy was to void the contract. The Labor Commissioner found the Pardoes had operated as a talent agency within the meaning of the TAA by procuring employment for Salazar. Under binding

3

legal precedent, the management agreement was unlawful and could be declared void based on the remedies in the Civil Code. Severability did not apply, as the Pardoes conceded, so the contract was void. The Labor Commissioner ordered the Pardoes to disgorge profits of $8,713.74.

The Pardoes appealed the Labor Commissioner's decision to the trial court for a trial de novo (the Labor Commissioner appeal; LA Superior Court Case No. 23STCP00683), but the filing is not part of the appellate record. The trial court found the Labor Commissioner appeal and the breach of contract action were related cases.

The Pardoes filed a trial brief in the Labor Commissioner appeal. They conceded they were personal managers who procured employment for Salazar without a talent agency license. They argued the TAA does not give the Labor Commissioner authority to void contracts by people who procure employment without a talent agency license. Specifically, there was no penalty provision contained in the TAA, the Civil Code could not supply the penalty, the TAA was unconstitutionally vague because it did not define procurement and did not provide sufficient notice of the penalty contained in the Civil Code, and the penalty of disgorgement was excessive. Salazar filed a trial brief based on well-established case law rejecting the Pardoes' arguments.

The parties agree there was a hearing in the trial court on November 9, 2023, on the Labor Commissioner appeal. They disagree about whether the hearing constituted the required "trial de novo" and whether the parties were given an opportunity to argue the merits of the appeal, but they agree the trial court took the matter under submission. No reporter's transcript or

4

minute order for November 9, 2023, have been included in the appellate record.

The appellant's appendix contains a "notice of assignment" stating that on November 15, 2023, the Pardoes assigned all claims, demands, and causes of action against Salazar to Siegel in exchange for payment of $9,000 and a percentage of certain recovery in the breach of contract action. The notice of assignment is not file-stamped by the superior court.

On January 5, 2024, the trial court affirmed the decision of the Labor Commissioner and entered judgment against the Pardoes in the amount of $8,713.74, plus interest from the date of judgment.

A hearing was held on January 8, 2024. The trial court refused to recognize Siegel as a party to the action because no motion had been made to substitute a real party in interest. The court explained to the Pardoes that they could not assign their liabilities to another party. The court also explained that a motion had to be made to substitute Siegel. The court issued an order to show cause regarding dismissal of the breach of contract action based on claim or issue preclusion following the January 5, 2024 judgment in the Labor Commissioner appeal.

The Pardoes filed an answer to the order to show cause arguing that the January 5, 2024 judgment had not addressed their contentions explicitly, and the amended complaint added constitutional challenges to the TAA. On January 16, 2024, the Pardoes filed a motion for reconsideration of the judgment in the Labor Commissioner appeal.

A hearing was held on January 23, 2024, on the Pardoes' motion for reconsideration, as well as on an ex parte application for substitution, which is not part of the record on appeal, and a

5

motion to stay the proceedings filed by the Pardoes, which is also not part of the appellate record. The trial court allowed Siegel to appear and present argument in the breach of contract action as a real party in interest, although no amended pleading had been filed adding him in lieu of the named plaintiffs. The Pardoes continued to be nominal plaintiffs, and Siegel was limited to addressing claim and issue preclusion.

Siegel insisted there were constitutional issues raised by the amended complaint that were not adjudicated in the Labor Commissioner appeal and remained for determination in the breach of contract action.

The court granted the order to show cause regarding dismissal of the breach of contract action, concluding that the issues had been adjudicated between the same parties in the related action. The judgment in the Labor Commissioner appeal barred the breach of contract action. The trial court dismissed the breach of contract action with prejudice. The court also denied the motion for reconsideration and the motion for a stay of the proceedings.

On February 5, 2024, Siegel filed the notice of appeal in the instant case listing himself as "assignee/interested party" and stating he was appealing from orders entered on January 4 and January 23, 2024, in the Labor Commissioner proceeding. In the interests of justice, this appellate court construes the notice of appeal as having been taken from the January 5, 2024 judgment. In the respondent's brief, Salazar notes that Siegel filed a separate appeal from the dismissal of the breach of contract action in the appellate division of the superior court.[1]

_____

[1] On December 13, 2024, after oral argument in this appeal, Salazar filed a motion for sanctions and a request for judicial

6

## DISCUSSION

## I. Statutory Scheme

A person or corporation who procures employment or engagements for an artist, other than recording contracts, is a "talent agency." (Lab. Code, § 1700.4, subd. (a).) "No person shall engage in or carry on the occupation of a talent agency without first procuring a license therefor from the Labor Commissioner." (Lab. Code, § 1700.5.) For the purposes of the TAA, "person" is defined expansively to include "any individual, company, society, firm, partnership, association, corporation, limited liability company, manager, or their agents or employees." (Lab. Code, § 1700.)

"[The TAA] regulates *conduct*, not labels; it is the act of procuring (or soliciting), not the title of one's business, that qualifies one as a talent agency and subjects one to the Act's licensure and related requirements. (§ 1700.4, subd. (a).) Any person who procures employment—any individual, any corporation, any manager—is a talent agency subject to regulation. (§§ 1700, 1700.4, subd. (a).) Consequently, as the Courts of Appeal have unanimously held, a personal manager who solicits or procures employment for his artist-client is subject to and must abide by the Act." (*Marathon Entertainment, Inc. v. Blasi* (2008) 42 Cal.4th 974, 986, footnote omitted (*Marathon*).) "The legislation defines talent agencies as those that engage in

notice. The motion for sanctions is denied as untimely pursuant to California Rules of Court, rule 8.276(b)(1). The request for judicial notice is denied as moot.

7

particular conduct; thus, to the extent personal managers engage in that conduct, they fit within the legislation's title and subject matter and may be regulated by its provisions." (*Marathon*, *supra*, 42 Cal.4th at p. 989.)

The TAA itself does not specify a remedy for illegal procurement. (*Marathon, supra*, 42 Cal.4th at p. 991.) It is well settled, however, under ordinary rules of interpretation giving effect to Civil Code sections 1598 and 1599 and the TAA, that when an unlicensed party procures employment for an artist in violation of the TAA, the parties' contract is void ab initio and the party procuring the employment is barred from recovering commissions for any activities under the contract, unless the unlawful provisions are severable. (*Marathon, supra*, 42 Cal.4th at pp. 990–991; *Yoo v. Robi* (2005) 126 Cal.App.4th 1089, 1103–1104.) When a contract has a single object that is unlawful, the entire contract is void. (Civ. Code, § 1598.) When a contract has several objects, some lawful and some unlawful, the contract is void as to the unlawful objects. (Civ. Code, § 1599.)

The Labor Commissioner has jurisdiction to hear issues arising under the TAA, subject to an appeal filed with the superior court, which is heard de novo. (Lab. Code, § 1700.44, subd. (a).)

## II. Inadequate Record

Siegel contends the superior court did not hold a trial de novo as required under the law. Without a reporter's transcript or acceptable substitute, however, we presume the trial court followed the law, and no error has been shown.

8

A judgment or order of the lower court is presumed to be correct; the appellant has the burden of overcoming this presumption by producing an adequate record affirmatively showing the trial court erred.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.)  Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following:  [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

We assume that the trial court's judgment is correct and error must be affirmatively shown.  Without a reporter's transcript, we do not know what arguments and evidence were presented to the trial court.  Siegel has not demonstrated that the trial court did not hear the issues de novo.  The fact that the trial court's ruling affirmed the Labor Commissioner's decision does not establish that the trial court did not independently consider the issues raised by the parties at trial.

## III.  Statutory Construction

Relying on federal rules of statutory interpretation, Siegel contends the TAA does not clearly restrict the procurement of employment for artists to licensees and the law does not clearly specify a remedy for unlicensed procurement.  This is incorrect.

Our goal in interpreting statutes is to effectuate the legislature's intent.  (*Smart Corner Owners Assn. v. CJUF Smart Corner LLC* (2021) 64 Cal.App.5th 439, 459.)  The courts follow

rules of statutory interpretation in sequence. (*Id.* at pp. 459–460.) We begin with the plain meaning of the statutory language. (*Ibid.*) Giving words their usual and ordinary meaning, we presume the legislature meant what it said. (*Ibid.*) If the statutory terms are ambiguous or do not resolve the issue, we may resort to legislative history and rules of interpretation, such as maxims of construction. (*Id.* at p. 460.) If ambiguity remains, we consider the reasonableness of a proposed construction. (*Ibid.*)

The California Supreme Court has already examined the TAA and based on the plain meaning of the words used in the statute concluded the provisions apply to anyone who procures employment for an artist. (*Marathon*, *supra*, 42 Cal.4th at p. 986.) Because the California Supreme Court reviewed and decided this issue based on the plain meaning of the words of the statute, it was unnecessary to resort to canons of construction, and none of Siegel's contentions based on federal rules of statutory construction are applicable.

The California Supreme Court has also concluded that the TAA operates in conjunction with Civil Code sections 1598 and 1599, based on the plain meaning of the provisions and the rule of interpretation that requires the court to harmonize statutes by giving effect to all of the provisions to the extent possible. (*Marathon*, *supra*, 42 Cal.4th at pp. 990–991.) As an intermediate appellate court, we are bound to follow the decisions of the California Supreme Court. (*Estate of Franco* (2023) 87 Cal.App.5th 1270, 1280.) Moreover, Siegel's contentions based on federal rules of statutory construction and his comparisons to dissimilar licensing schemes are inapplicable and do not address the operation of Civil Code sections 1598 and 1599.

## IV. The TAA is Not Unconstitutionally Vague

To the extent Siegel contends on appeal that the TAA is unconstitutionally vague, this issue has been decided against him by multiple courts. The TAA clearly states who is covered (*Marathon*, *supra*, 42 Cal.4th at p. 986) and the conduct regulated (*Wachs v. Curry* (1993) 13 Cal.App.4th 616, 629), and California law clearly provides unlawful contracts are voidable (see *Waisbren v. Peppercorn Productions, Inc.* (1995) 41 Cal.App.4th 246, 261; *Marathon*, *supra*, 42 Cal.4th at p. 992). The federal court expressly rejected identical arguments by Siegel in an unpublished case in a different matter, *Siegel v. Su*, 770 Fed.Appx. 877 (9th Cir. 2019 Mem.), affirming 2018 WL 1393984 (C.D. Cal. 2018).

## V. No Violation of the Thirteenth Amendment

To the extent that Siegel contends the TAA results in involuntary servitude in violation of the Thirteenth Amendment, this is incorrect.

The Thirteenth Amendment to the United States Constitution prohibits involuntary servitude. " '[I]n every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction.' [Citation.]" (*Moss v. Superior Court* (*Ortiz*) (1998) 17 Cal.4th 396, 411–412.) To prove compulsion, the plaintiff must show that he had, or believed he had, no choice but to continue his state of servitude. (See *United States v. Kozminski* (1988) 487 U.S. 931, 963 (Brennan, J., concurring)

11

[requiring the plaintiff to show that he or she "actually felt compelled to live in a slavelike condition of servitude"].)

Not being compensated for work performed, however, does not necessarily make that work involuntary servitude. The Pardoes had several choices: to refrain from procuring employment for clients, to procure employment without a license and risk the voiding of parts of their contracts, or to obtain a license. Because the Pardoes had a range of options available, Siegel has not stated a claim for involuntary servitude in violation of the Thirteenth Amendment.

## VI. Not an Excessive Fine

Siegel contends disgorgement is an excessive fine in violation of the Eighth Amendment of the United States Constitution. We disagree. California courts have already concluded that declaring a contract void because it violates the TAA is not too severe a penalty. (*Waisbren v. Peppercorn Productions, Inc., supra*, 41 Cal.App.4th at p. 261.) We follow this settled law.

## DISPOSITION

The judgment is affirmed.  Respondent Jude Salazar is awarded her costs on appeal against appellant Rick Siegel and respondents Diane Pardoe and Sarah Pardoe.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:


BAKER, Acting, P. J.


KIM (D.), J.